# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **ISLAND JAY, INC**, a Florida corporation, | |
| *Plaintiff*, | Case No. 2:19-cv-11501-MAG-DRG |
| v. | Hon. Mark A. Goldsmith |
| **MYLOCKER.COM, L.L.C.**, a Michigan limited liability company, | |
| *Defendant*. | |

# PLAINTIFF ISLAND JAY, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT



## I.     INTRODUCTION

Plaintiff Island Jay, Inc. ("Island Jay"), supplements its Motion for Default Judgment to provide additional, subsequent evidence of Defendant MyLocker.com, LLC's ("My Locker" or "Defendant") continuing willful infringement of Island Jay's trademarks through counterfeit t-shirts.

This additional evidence highlights Defendant's willful disregard for Island Jay's trademarks and underscores the immediate need to grant Island Jay an injunction in this case.

After Island Jay learned of Defendant's unlawful conduct, it gave Defendant multiple opportunities, over six months to cease and desist—but Defendant persisted, after repeatedly telling Island Jay it would stop—forcing Island Jay to file suit in May 2019.  After suing, Island Jay again attempted to resolve this matter, only to discover Defendant continued to willfully counterfeit its trademarks. Defendant then ceased communication with Plaintiff.  Yet Defendant continues to willfully infringe Island Jay trademarks by selling counterfeit t-shirts bearing the Island Jay trademarks.  Defendant's willful conduct should be immediately enjoined.



1

## II. SUPPLEMENTAL WILLFUL INFRINGEMENT

On September 16, Plaintiff's principal, Jason Guarino ordered the three t-shirts pictured below from an online retailer. (Ex. A, 12/10/19 Second Guarino Decl., ¶3.) The items were shipped to Mr. Guarino and arrived on September 30, 2019. (*Id.*) Although the return address was in New York, the UPS tracking number indicated the items were shipped from Detroit, Michigan – home of My Locker. (*Id.*) Moreover, shoulder tags on the items identified the items as originating from My Locker. (*Id.*) As shown, each item infringes the Island Jay trademark and the center t-shirt also infringes Plaintiff's "I'm Not Waiting Til 5" trademark.





2

On October 2, 2019, Mr. Guarino received an additional counterfeit t-shirt he had ordered from My Locker. (*Id.*, ¶4.) Although the return address states it was shipped by a company called "Moovishop," the listed address "1300 Rosa Parks Detroit, MI 48216" is My Locker's address. (*Id.*) Again, the t-shirt is a counterfeit of both Plaintiff's "Island Jay" and "I'm Not Waiting Til 5" trademarks. (*Id.*)



Just recently, on November 22, 2019, Mr. Guarino received another counterfeit t-shirt, depicted below, he had ordered from My Locker. (*Id.*, ¶5.) Again, My Locker tried to conceal that it was the actual shipper of the counterfeit goods. Indeed, although the return address was a California address, the UPS tracking number indicated the items were shipped from Detroit, Michigan – home of My



3

Locker. (*Id*.)  This t-shirt is counterfeit of an original Island Jay t-shirt and willfully infringes the Island Jay trademark.  (*Id*.)





4

### III. NECESSITY OF DEFAULT JUDGMENT AND IMMEDIATE INJUNCTION

This supplemental evidence demonstrates that My Locker continues to willfully infringe Island Jay's trademark rights for profit while ignoring Island Jay's attempts to stop them – including by ignoring this lawsuit.

Island Jay gave My Locker every chance to stop the infringement, and only when My Locker continued to infringe did it file suit to enforce its rights. Even after the lawsuit was filed, Island Jay attempted to amicably resolve the dispute with My Locker, only to have My Locker ignore its overtures. Even after this Motion for Default Judgment was filed, Island Jay discussed resolution of this matter with My Locker's counsel, with overtures again falling on deaf ears, followed by termination of communication. Yet, My Locker continues to willfully infringe the Island Jay trademarks to this day.

Plaintiff Island Jay respectfully requests that the Court expeditiously grant Plaintiff's motion, enter default judgment against Defendant My Locker and enter a permanent injunction against Defendant in the form previous submitted to this Court (in addition to awarding the other requested remedies, including statutory damages and attorneys' fees), to stop this willful infringement.



Respectfully submitted,

**BROOKS KUSHMAN P.C.**

Dated:  December 12, 2019

By:  /s/ Thomas W. Cunningham
    Thomas W. Cunningham     (P57899)
    1000 Town Center
    Twenty-Second Floor
    Southfield, Michigan 48075
    Tel:  (248) 358-3400
    Fax:  (248) 358-3351
    E-mail: tcunningham@brookskushman.com

**ANTHONY L. DELUCA, P.L.C.**
Anthony L. DeLuca (P64874)
14950 E. Jefferson Ave., Ste 170
Grosse Pointe Park, MI 48230
(313) 821-5905, phone
(313) 821-5906, fax
anthony@aldplc.com

*Attorneys for Plaintiff*



6

## **CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that on <u>December 12, 2019,</u> I coordinated the electronic filing of the foregoing **SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF ISLAND JAY, INC.'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT** with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

I also certify that I have e-mailed by United States Postal Service the paper to the following non-participants in the ECF System:

Matt Novello
mnovello@novellolawfirm.com

**BROOKS KUSHMAN P.C.**

By:  /s/ Thomas W. Cunningham
    Thomas W. Cunningham    (P57899)
    1000 Town Center
    Twenty-Second Floor
    Southfield, Michigan 48075
    Tel: (248) 358-3400
    Fax: (248) 358-3351
    E-mail: tcunningham@brookskushman.com

    *Attorneys for Plaintiff*

