UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISLAND JAY, INC.,

        Plaintiff,                                 Case No. 19-11501

vs.                                             HON. MARK A. GOLDSMITH

MYLOCKER.COM, L.L.C.,

        Defendant.
_____/

**ORDER**
**GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Dkt. 10)**

This matter is before the Court on Plaintiff Island Jay, Inc.'s ("Island Jay") motion for default judgment against Defendant MyLocker.com, L.L.C. ("MyLocker"), on Counts I through III of Island Jay's complaint (Dkt. 10). Island Jay agrees to dismiss without prejudice the remaining claims set forth in Counts IV through VI of the complaint. Pl. Mot. at 9 n.1. For the reasons that follow, the Court grants Island Jay's motion and orders the relief specified below.

Island Jay markets products and merchandise bearing, and owns all rights to, the following trademarks: "Island Jay" (U.S. Reg. No. 4451253); "Not A Worry In The World" (U.S. Reg. No. 4447880); "If I Can't Wear Flip Flops I Don't Want 2 Go" (U.S. Supp. Reg. No. 4906521); "I'm the Cabana Boy" (U.S. Reg. No. 5818096), "I'm Not Waiting Til 5!" (U.S. Reg. No. 5768481) (collectively, the "Island Jay Trademarks"). Compl. ¶¶ 12-16 (Dkt. 1); Jason Guarino Decl. ¶ 4, Ex. A to Pl. Mot. (Dkt. 10-2). On May 22, 2019, Island Jay initiated the present action stemming from MyLocker's alleged creation and shipping of counterfeit merchandise bearing the Island Jay Trademarks. Id. ¶¶ 23-32. Counts I through III of the complaint advance claims of (i) false designations of origin and false descriptions, in violation of 15 U.S.C. § 1125(a); (ii) federal

trademark infringement, in violation of 15 U.S.C. § 1114(1); and (iii) unfair competition, in violation of Michigan Compiled Laws § 445.903. MyLocker filed to file an answer or otherwise respond to the complaint. Accordingly, on September 11, 2019, Island Jay sought, and the Court entered, a Clerk's entry of default (Dkt. 9).

In connection with its present motion for default judgment, Island Jay seeks the following forms of relief: (i) a permanent injunction enjoining MyLocker's unlawful conduct, under 15 U.S.C. § 1116(a), (ii) an award to Island Jay of $150,000.00 in statutory damages for MyLocker's counterfeiting, under 15 U.S.C. § 1117(c)(2), and (iii) an award to Plaintiff of its reasonable attorneys' fees and costs, under 15 U.S.C. § 1117(a).

Having considered all the evidence and arguments presented, the Court finds that Island Jay is entitled to an entry of default judgment on Counts I, II, and III. The Court further orders as follows:

1. A separate order of Default Judgment shall be entered in favor of Island Jay on Counts I, II, and III of the Complaint.

2. As agreed by Island Jay, Counts IV through VI of the Complaint are dismissed without prejudice.

3. MyLocker shall pay Island Jay the amount of $150,000.00 in statutory damages.

4. MyLocker shall pay Island Jay the amount of $11,146.32 in attorney fees and $400.00 in costs.

5. MyLocker, its subsidiaries, affiliates, officers, employees, including but not limited to, agents, distributors, retailers, servants, attorneys, and those in active concert or participation with them, are hereby permanently enjoined from:

    a. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, shipping, selling or offering to sell counterfeit and infringing goods using the Island Jay Trademarks, logos or designs;

    b. Using the Island Jay Trademarks in connection with the manufacture and/or sale of unauthorized goods;

    c. Using any of the Island Jay Trademarks, logos or designs on t-shirts, or other merchandise, to falsely suggest the products as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff;

    d. Effecting assignments or transfers, forming new entities or associations or utilizing any other device for purpose of circumventing or otherwise avoiding the prohibitions set forth above.

    e. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above or taking any action that contributes to any of the activities referred to above, or any other activity that consists of or contributes to the sale of counterfeit or infringing product bearing any of the Island Jay Trademarks.

6. MyLocker, at its cost, within five (5) days after service of judgment with notice of entry thereof shall:

    a. deliver up to Island Jay's attorney for destruction, all goods, labels, tags, signs, stationery, prints, packages, promotional and marketing materials, advertisements and other materials currently in its possession or under its control, incorporating any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of the Island Jay Trademarks, designs or logos; as well as all silkscreens, graphics, computer or otherwise, molds, matrices, and other means of making the said materials;

    b. provide Island Jay with the names, addresses, and all other contact information in their possession (e.g., telephone numbers, fax numbers, e-mail addresses, website URLs) for the source of orders of all products that bear or include any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of the Island Jay Trademarks, designs or logos.

    c. file with the Court and serve upon Island Jay's counsel within thirty (30) days after service of judgment with notice of entry thereof upon them a report in writing under oath, setting forth in detail the manner and form in which it has complied with the all the above.

SO ORDERED.

Dated: June 17, 2020                                s/Mark A. Goldsmith
      Detroit, Michigan                         MARK A. GOLDSMITH
                                                    United States District Judge