# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ISLAND JAY, INC., a Florida
corporation,

     Plaintiff,

vs.

                                      Case Number: 19-cv-11501
                                      Honorable Mark A. Goldsmith

MYLOCKER.COM, LLC, a Michigan
limited liability company,

     Defendant.

---

# DEFENDANT MYLOCKER.COM, LLC'S
# RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER HOLDING DEFENDANT IN CONTEMPT FOR FAILURE TO COMPLY WITH DEFAULT JUDGMENT ORDER

Defendant MyLocker.com, LLC ("MyLocker"), through its undersigned counsel, hereby responds in opposition to plaintiff's motion for order holding defendant in contempt for failure to comply with default judgment order.

Pursuant to L.R. 5.1(a), the undersigned certifies that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). The undersigned also certifies that it is the appropriate length.

## <u>STATEMENT OF ISSUES PRESENTED</u>

Should the Court deny plaintiff's motion for contempt when defendant was unaware of this lawsuit and the default judgment entered against it and, instead, set aside the June 17, 2020 order granting default judgment and default judgment where, as here, service of process was defective, defendant's default was not willful, plaintiff will not be prejudiced if the default is set aside, and defendant has a meritorious defense?

Defendant's answer:      Yes

Bodman_18338608_2

# MOST CONTROLLING AUTHORITY

**Cases**

*AFT Mich. v. Project Veritas*, No. 17-cv-13292, 2017 U.S. Dist. LEXIS 200551 (E.D. Mich. Dec. 6, 2017)

*Berthelsen v. Kane*, 907 F.2d 617 (6th Cir. 1990)

*Davis v. Bank of N.Y.*, No. 06-12534, 2008 U.S. Dist. LEXIS 23603 (E.D. Mich. Mar. 18, 2008)

*INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391 (6th Cir.1987)

*LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320 (6th Cir. 1999)

*Malloy v. Watchtower Bible & Tract Soc'y*, No. 17-10635, 2017 U.S. Dist. LEXIS 139551 (E.D. Mich. Aug. 30, 2017)

*O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345 (6th Cir. 2003)

*Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190 (6th Cir. 1986)

*United Coin Meter Co. v. Seaboard C. R.R.*, 705 F.2d 839 (6th Cir. 1983)

**Rules**

Fed. R. Civ. P. 4

Fed. R. Civ. P. 60(b)

Bodman_18338608_2

## I.      INTRODUCTION.

Plaintiff Island Jay, Inc.'s ("Island Jay") request that the Court enter an order holding defendant MyLocker.com, LLC ("MyLocker") in contempt arises out of a default judgment in the amount $161,546.32 that the Court previously entered against MyLocker based on Island Jay's misrepresentations that it had properly served the summon and complaint. As proof of service, Island Jay relied on a waiver of service purportedly signed by an attorney on behalf of MyLocker. The attorney, however, was not authorized to accept or waive service in this matter, as required by the Federal Rules of Civil Procedure. Worse, the attorney never alerted MyLocker to this case and, as a result, MyLocker was unaware of its existence until recently.

Because Island Jay improperly served its complaint, summons, motion for entry of default judgment, and motion for contempt,[1] the default judgment and the order granting the motion for default judgment are void and should be set aside on that basis alone under Federal Rule of Civil Procedure 60(b)(1) and (b)(4). In addition, the Court should set aside the default judgment because (1) MyLocker's default was not willful when it was not properly served and was unaware of this

---

[1] In its supplemental pleading filed on January 20, 2022, Island Jay for the first time alleges that it is entitled to a judgment against MyLocker's resident agent, Robert Hake, individually. Island Jay, however, has alleged no claims against Mr. Hake, and it has not even alleged service on Robert Hake until the supplement to the motion for contempt was sent by certified mail on January 20, 2022. It does not allege, however, that Mr. Hake signed for, or even received, the certified mailing.

1

case; (2) Island Jay will not be prejudiced when it improperly served MyLocker and when it already has waited nearly one year after entry of the default judgment to enforce its judgment; and (3) MyLocker has a meritorious defense to Island Jay's infringement claims. In this case, Island Jay incorrectly alleges that MyLocker is infringing on Island Jay's trademarks by permitting sales of merchandise with Island Jay's logos. In fact and upon initial investigation, many, if not all, of the alleged infringing orders in this case appear to have been placed by Island Jay itself. MyLocker has systems in place to prevent the use of registered trademarks and it is unclear at this stage what Island Jay may have done to try and circumvent those protections. For these reasons, the MyLocker concurrently has filed a motion to set aside the default judgment and the order granting the motion for default judgment.

MyLocker respectfully requests that the Court grant its motion to set aside the default judgment and, accordingly, there could be no contempt for failure to comply with the default judgment. MyLocker, therefore, respectfully requests that the Court also deny Island Jay's motion for order holding MyLocker in contempt for failure to comply with the default judgment order.

## II.     FACTUAL BACKGROUND.

MyLocker designs and manufactures customized sportswear and other clothing items. It is located in metro Detroit and sells its products worldwide. Declaration, Tab 1, ¶2. Among other services and as relevant to this case,

Bodman_18338608_2

MyLocker.com, LLC provides "business-to-business" (often referred to as "b2b") services to non-affiliated, third-party companies to manufacture and fulfill products sold on their websites. *Id.* at ¶3.

Island Jay also allegedly engages in the clothing business, creating and selling tropical-themed garments bearing certain registered trademarks. ECF No. 1, PageID.1-3. In this case, Island Jay incorrectly alleges that MyLocker is infringing on Island Jay's trademarks by permitting sales of merchandise with Island Jay's logos.  Tab 1, ¶5. Once MyLocker was alerted to Island Jay's specific claim of infringement, MyLocker promptly contacted offending third-party website and added the identified logo to MyLocker's anti-infringement software system. *Id.* at ¶6. Through these measures, MyLocker was able to block nearly all of the attempted infringing orders to third-party customers. *Id.* at ¶7. However, plaintiff seems to have found additional third-party websites that purportedly sold items containing Island Jay logos. *Id.* at ¶8. Rather, than contact MyLocker so that it could take action, plaintiff appears to have purchased infringing items from those third parties. *Id.* Concurrently, plaintiff appears to have attempted multiple times to upload its logos directly to MyLocker's website or to write the words "Island Jay" onto customizable garments. *Id.* Said differently, plaintiff appears to be attempting to create claims against one of its competitors.

3

To that end, on or about May 22, 2019, Island Jay filed a six-count complaint against MyLocker, in which it asserted claims for alleged violations of the Lanham Act (Counts I and II), violations of the Michigan Consumer Protection Act (Count III), common law trademark and trade name infringement (Count IV), common law unfair competition and dilution (Count V), and common law unjust enrichment (Count VI). ECF No. 1, PageIDs.1-57. Island Jay, however, never served its complaint or the summons in this action on an officer of MyLocker, MyLocker's managing or general agent, or any other agent authorized by appointment or by law to receive service of process (*i.e.*, MyLocker's resident agent).

Instead, Island Jay purportedly served the summons and complaint on MyLocker through an attorney named Matthew Novello on May 28, 2019. ECF No. 4, PageID. 61. As its proof of service in this case, Island Jay relies on a waiver of service purportedly executed by Matthew Novello, which identifies Mr. Novello as an "attorney" and lists his email address as mnovello@novellolawfirm.com. *Id*. Mr. Novello was not (and is not) an officer of MyLocker, a managing or general agent of MyLocker, or any other agent authorized by appointment or by law to receive service of process on behalf of MyLocker. Tab 1, ¶9. In short, Mr. Novello was not authorized to accept service on behalf of MyLocker in this case, and, tellingly, he never filed a notice of appearance in this case. *Id*.

Bodman_18338608_2

Based on MyLocker's review of its files and records, neither Mr. Novello nor anyone else ever forwarded the complaint to anyone at MyLocker who was authorized to accept service and able to appear in this action. *Id.* at ¶10. As a result, MyLocker did not file an answer or otherwise respond to the complaint. *Id.*

When MyLocker did not file an answer or a motion to dismiss the complaint within 60 days of the purported date of waiver of service, the Clerk of the Court, at Island Jay's request, entered a default against MyLocker on September 11, 2019. ECF No. 9, PageID.72. Following entry of the default, Island Jay filed a motion for entry of default judgment against MyLocker on September 13, 2019. ECF No. 10, PageIDs. 73-128. Island Jay alleges that notice of the motion for entry of default judgment was served upon Mr. Novello via his email address (which is not a MyLocker email address) on September 16, 2019. ECF No. 11, PageID.129-130. Accordingly, Island Jay did *not* serve notice of the motion for entry of default judgment on an officer of MyLocker, a managing or general agent of MyLocker, or any other agent authorized by appointment or by law to receive service of process on behalf of MyLocker, including MyLocker's resident agent, Robert Hake.

However, based on Island Jay's representations that it had properly served MyLocker, on June 17, 2020, the Court entered a Default Judgment and an Order Granting Motion for Default Judgment containing certain equitable relief. ECF No. 20, PageID.175-177; ECF No. 21, PageID.178. The Order Granting Plaintiff's

Bodman_18338608_2

Motion for Default Judgment ordered MyLocker to pay Island Jay the amount of $150,000 in statutory damages, plus $11,146.32 in attorney fees and $400 in costs. ECF No. 20, PageID.176-177. MyLocker also was enjoined from any infringement and was ordered, within five days after service of judgment, to deliver certain materials to Island Jay, to provide Island Jay with certain contact information, and to file a report certifying compliance with the Court. *Id*. There is no entry in the Court's docket reflecting service of this Order or the Default Judgment on MyLocker. Tellingly, Island Jay does not allege that it even attempted to serve these documents on MyLocker.

Nevertheless, over one year later on July 27, 2021, Island Jay sought to enforce its judgment by filing Plaintiff's Motion for Order Holding Defendant in Contempt for Failure to Comply with Default Judgment Order. ECF No. 24, PageID.211. In this motion, Island Jay also seeks to hold MyLocker's resident agent, Robert Hake, personally responsible for the judgment, even though Island Jay has alleged no claims against Mr. Hake and there is no evidence that Mr. Hake was ever served with pleadings or papers in this case or that he otherwise was aware of it (which he was not).

Indeed, the first time any pleading or paper was served on MyLocker's resident agent, Robert Hake, was January 20, 2022, when Island Jay mailed its supplemental brief in support of its motion for order holding defendant in contempt

Bodman_18338608_2

for failure to comply with default judgment order. Tab 1, at ¶10; *see also* ECF No. 28, PageID.248. Island Jay mailed its supplemental brief to MyLocker only after the Court directed it to "supplement the record with proof that Robert Hake, Defendant's CEO and registered agent, was served a copy of the Motion for Contempt via U.S. Certified Mail …" *Id*. When Island Jay so served Mr. Hake, MyLocker finally learned of this case and immediately retained counsel to appear. Tab 1, at ¶10.

MyLocker now files this motion to set aside the default judgment and the order granting motion for default judgment so it may defend itself on the merits of this case. For the reasons further discussed below, the Court should grant MyLocker's motion.

## III.    ARGUMENT.

### A.    Standard of review.

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause, and may set aside a default judgment under Rule 60(b)." Under Rule 60(b), a court may set aside "a final judgment, order, or proceeding" for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

7

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"In considering a motion to set aside entry of a judgment by default a district court must apply Rule 60 (b) ***equitably and liberally*** . . . to achieve substantial justice." *United Coin Meter Co. v. Seaboard C. R.R.*, 705 F.2d 839, 844–45 (6th Cir. 1983) (citations omitted) (emphasis added). This is because "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *Id*. at 845. Accordingly, "[t]rials on the merits are favored in federal courts and a 'glaring abuse' of discretion is not required for reversal of a court's refusal to relieve a party of the harsh sanction of default." *Id*. at 846 (citations omitted). The Sixth Circuit has further opined:

> Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits. . . . Since the interests of justice are best served by a trial on the merits, only after a careful study of all relevant considerations should courts refuse to open default judgments.

*Id.* (citations omitted).

Courts evaluate the same three factors under both Rules 55(c) and 60(b): "whether (1) the default was willful, (2) a set-aside would prejudice the plaintiff, and

Bodman_18338608_2

(3) the alleged defense was meritorious." *Kuhnmuench v. Livanova PLC*, 323 F.R.D. 563, 565 (E.D. Mich. 2017) (quoting *United Coin Meter Co.*, 705 F.2d 839 at 844).

"In order to hold a litigant in contempt, the movant must produce clear and convincing evidence that shows that 'he violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" Elec. Workers Pension Trust Fund of Local Union #58 v. Gary's Elec Serv. Co., 340 F.3d 373 (6th Cir. 2003) (citing *NRLB v. Cincinnati Bronze, Inc.*, 110 F.3d 318, 322 (6th Cir. 1997).)

**B.    The Court Should Not Hold MyLocker In Contempt; The Default Judgment Should Be Set Aside Because Service Was Defective.**

The Court should not hold MyLocker in contempt of Court because it was unaware of these proceedings and did not have opportunity to defend itself as service was improper. Improper or insufficient service is grounds for setting aside a default judgment. The Eastern District of Michigan has expressly recognized that "[i]mproper service is certainly a reason for excusable neglect" under Federal Rule of Civil Procedure 60(b)(1). *Davis v. Bank of N.Y.*, No. 06-12534, 2008 U.S. Dist. LEXIS 23603, at *3 (E.D. Mich. Mar. 18, 2008). Moreover, the Sixth Circuit has held that a default judgment is void as a matter of law under Rule 60(b)(4) "for insufficient service of process." *LSJ Inv. Co. v. O.L.D., Inc*., 167 F.3d 320, 325 (6th Cir. 1999); *see also Malloy v. Watchtower Bible & Tract Soc'y*, No. 17-10635, 2017 U.S. Dist. LEXIS 139551, at *7 (E.D. Mich. Aug. 30, 2017) ("[I]f service of process

9

is not proper, the judgment is void, and the court must set aside the Defendant's default judgment.") (citations omitted); *Davis*, 2008 U.S. Dist. LEXIS 23603, at *4 ("Finally since there was improper service, the default judgment is rendered void.").

The Federal Rules of Civil Procedure carefully proscribe what constitutes proper service of process. Federal Rule of Civil Procedure 4(h) provides, in relevant part, that service may be effectuated on a defendant corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process …" or in the manner prescribed by Rule 4(e)(1) for serving an individual. Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) looks to the service rules under state law, which, in Michigan, would require personal service or registered mail to an officer or resident agent. M.C.R. 2.105(D)(1).

A plaintiff, however, may request that the defendant waive such formal service of the summons under Rule 4(d)(1). Like subsection (h), for defendant corporations, the request for waiver must be addressed in writing to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(d)(1)(A)(ii).

Thus, an individual must have actual authority to accept service of process. [2] "The authority to accept process need not be explicit, [but] it must either be express or implied from the type of relationship between defendant and the alleged agent." *Tindle v. Xenos*, No. 09-cv-14826, 2010 U.S. Dist. LEXIS 121037, at *5 (E.D. Mich. Nov. 16, 2010) (citations omitted). With respect to attorneys, courts recognize that attorneys have no implied authority enabling them to accept or waive the initial service of process on behalf of a client. *Schultz v. Schultz*, 436 F.2d 635 (7th Cir. 1971). As such, "[i]f an attempt is made to serve the attorney who has been generally retained to represent the client, such service will be insufficient to give the court jurisdiction over the client's person where personal service is required." *Id.*; *see also AFT Mich. v. Project Veritas*, No. 17-cv-13292, 2017 U.S. Dist. LEXIS 200551, at *6 (E.D. Mich. Dec. 6, 2017) (quoting *Arthur v. Litton Loan Servicing Lp*, 249 F. Supp. 2d 924, 930 (E.D. Tenn. 2002) ("[T]he mere attorney-client relationship between a defendant and his attorney does not, in itself, convey the specific authority

---

[2] The State of Michigan's filings as to MyLocker state that MyLocker is managed by its managers (here, Mr. Hake). *See* *https://cofs.lara.state.mi.us/CorpWeb/CorpSearch/CorpSummary.aspx?token=nBx ILn58HwVtv4JMRDwTm1cWblopjmzIgq3FCQzRMH7Z0mRAdeXC1IkU7kW9s5fz U1nk5x3zqSTtBGCVI/znH6W1C/jLCQo6Kkvcb8TFUkMN3y9Rtm/XpZ0mvXxUQ+ fsMv4mtJlpnZyiA34XrldYUFBVMxl293WOK6ny5WL+ayhrDUmPHP9QFUq65Rc u9+Lo+Gdf1HiWjv9tOcqizvVzAOiBzcJCRmx59C037c5Zc5qUfNj3+j978ehEfj2JF BFChOOC2Qfen8NjDmjJzD32fv3oPhAVfNmx2K1/KvDJmjcQN+BafR49O0qACIs N8jsKucTxR3v3ormYq2IDPmQ3rpipf0+4Hfgc* This constitutes prima facie evidence that only Mr. Hake has actual authority as to the management of MyLocker. MCL 450.4402.

11

necessary for the attorney to receive service of process on the defendant's behalf."); *Tindle*, 2010 U.S. Dist. LEXIS 121037, at *5 (quoting *Ransom v. Brennan*, 437 F2d 513, 518–19 (5th Cir. 1971) ("[S]ervice of process is not effectual on an attorney solely by reason of his capacity as attorney.").

Where an attorney is not expressly appointed to accept service of process and/or to waive service of process on behalf of a client, such service is insufficient. *See AFT Mich.*, 2017 U.S. Dist. LEXIS 200551, at *6 (finding service upon defendant's counsel improper where there was "no indication" that defendant's counsel was authorized to accept service on defendant's behalf); *Davis v. Nat'l Collegiate Student Loan Tr. 2005-3*, No. 16-10831, 2016 U.S. Dist. LEXIS 106766, at *4 (E.D. Mich. July 12, 2016) (where there was "no evidence" to suggest defendant appointed its attorney "as an agent to receive process in this case," the court held that service was not properly effectuated and dismissed the case without prejudice); *Tindle*, 2010 U.S. Dist. LEXIS 121037, at *6 (Although it was plaintiff's understanding that attorney-Jackson "represented herself as able to receive service of process on behalf of defendants" no such facts gave Jackson the permission to accept service on behalf of defendant.).

In this case, Island Jay improperly relies on Mr. Novello's waiver of formal service of the complaint and summons to support entry of a default judgment against MyLocker. Mr. Novello, however, is identified on the waiver as an "attorney," and,

Bodman_18338608_2

as set forth above, a waiver of service executed by an attorney is not effective unless the attorney actually is authorized to accept service. As stated in the attached declaration, Mr. Novello was not authorized to accept or waive service of process. Worse, Mr. Novello did not appear in the case or forward the complaint to MyLocker's resident agent or someone else capable of retaining counsel and appearing in the case. As a result, MyLocker did not respond to the complaint because it was unaware of the case.

In addition, even if Island Jay had properly served MyLocker with the summons and complaint (which it did not), Island Jay also should have served MyLocker with notice of its motion for default judgment. Federal Rule of Civil Procedure 55(b)(2) provides that "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application [of default judgment] at least 7 days before the hearing." Fed. R. Civ. P. 55(b)(2).

Here, Island Jay did not serve the motion for entry of default judgment on MyLocker's resident agent (Mr. Hake) or its managing member (Mr. Hake), instead allegedly sending the motion only to Mr. Novello via his separate email address. However, at no time was Mr. Novello authorized, expressly or impliedly, by MyLocker to accept and/or waive such service on MyLocker's behalf in this case. Indeed, while "unauthorized acceptance of service of process may be *ratified* by the

13

client and thus be effective against him," the record plainly establishes that MyLocker never ratified Mr. Novello's unauthorized waiver of service of process because MyLocker never appeared in the action. *McCoy*, *supra*, at 142 (emphasis added).

Thus, service of the summons and complaint and service of the motion for entry of default judgment were not properly effectuated on MyLocker, amounting to excusable neglect under Rule 60(b)(1) and also rendering the default judgment void under Rule 60(b)(4). Because the default judgment is void, the Court "must set aside Defendant's default judgment." *Malloy*, 2017 U.S. Dist. LEXIS 139551, at *7. For the same reasons the Court should deny Island Jay's motion for contempt, including Island Jay's request for relief against Robert Hake, individually, even though Island Jay never alleged a claim against him.

### C. MyLocker's Default Was Not Willful.

"[A] party seeking to vacate a default judgment under Rule 60(b)[] must demonstrate first and foremost that the default did not result from his culpable conduct." *Weiss v. St. Paul Fire & Marine Ins. Co*., 283 F.3d 790, 794 (6th Cir. 2002). "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assocs*., 796 F.2d 190, 194 (6th Cir. 1986). "Where the defaulting party and counsel

14

have not shown disrespect for the court, or have given evidence of respect for the court's process by their haste in acting to set aside the default, the courts have been inclined towards leniency." *Id.* (citations omitted).

In this case, there is no evidence of a display or intent to "thwart judicial proceedings" by MyLocker, "but rather improper service" by Island Jay. *Davis*, 2008 U.S. Dist. LEXIS, at *3. Island Jay failed to serve the summons and complaint in accordance with the Federal Rules of Civil Procedure or to obtain a waiver of service from an individual authorized to accept or waive service on behalf of MyLocker. As a result, MyLocker was unaware of this action and did not appear to defend itself. Island Jay's failure to properly serve the summons and complaint caused MyLocker's default. Indeed, when the Court recently required Island Jay to serve a copy of its motion for contempt on MyLocker's resident agent instead of Mr. Novello (which it still has not done correctly and in accordance with service rules), MyLocker immediately engaged the undersigned counsel to take prompt action to appear and set aside the default. MyLocker's default in this case was not culpable or willful because it only learned of this case when its resident agent was recently served. MyLocker, therefore, respectfully requests that the Court set aside the default judgment and deny Island Jay's motion for contempt.

**D.      Island Jay Will Not Be Prejudiced By An Order Setting Aside The Default Judgment.**

Island Jay will suffer no prejudice from setting aside the entry of default judgment. While setting aside the default judgment may cause some delay in the case, since Island Jay already has waited over one year from entry of the default judgment to enforce the default judgment, any further delay would not be substantial. Moreover, "delay alone is not a sufficient basis for establishing prejudice." *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990) (citations omitted). Rather, "to establish prejudice, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id. See also Azalam v. United States Postal Serv*., No. 06-15390, 2007 U.S. Dist. LEXIS 25877, at *16 (E.D. Mich. Feb. 28, 2007) (noting that, when deciding whether to set aside a default judgment, "[i]t is clear that delay, standing alone, is not a sufficient basis for establishing prejudice.").

Here, Island Jay's Motion for Entry of Default Judgment fails to demonstrate that not enforcing the default judgment would be prejudicial. Rather, as in *Azalam*, "[Plaintiff] has made no showing of prejudice whatsoever." *Id.* at *17. Accordingly, because there would be no prejudice in setting aside the default judgment in this case, the Court should grant MyLocker's motion and also should deny Island Jay's motion for contempt.

16

### E.   MyLocker Has A Meritorious Defense.

To establish a meritorious defense, a defendant must demonstrate "a defense good at law." *J & J Sports Prods. v. Cloud Nine Hookah Lounge, Inc.*, No. 14-12238, 2014 U.S. Dist. LEXIS 158102, at *4 (E.D. Mich. Nov. 7, 2014) (quoting *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391 (6th Cir.1987)). A defense is sufficient "if it contains even a hint of a suggestion which, proven at trial, would constitute a complete defense." *INVST Fin. Group, Inc.*, 815 F.2d at 399. Moreover, "[i]n determining whether a defaulted defendant has a meritorious defense[,] likelihood of success is not the measure." *United Coin Meter Co.*, 705 F.2d at 845. "Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *Id.*

Improper service of process alone is a meritorious defense and warrants the setting aside of default judgments. *See O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345 (6th Cir. 2003) ("Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties. . . . Therefore, if service of process was not proper, the court must set aside an entry of default."). In fact, the Western District of Michigan has gone so far as to even hold that "[i]f a default judgment is set aside due to improper service, a meritorious defense need not be shown." *Healthcare Compliance Res. v. Physician Reimbursement Servs. of*

17

Bodman_18338608_2

*Hous.*, No. 1:05-CV-471, 2008 U.S. Dist. LEXIS 132611, at *4 (W.D. Mich. Mar. 28, 2008).

Here, the Court does not have jurisdiction over MyLocker to adjudicate the rights of the parties where service of the summons, complaint, and motion for entry of default judgment were not properly effectuated upon MyLocker. In particular, as set forth above, service of process was defective because service was effectuated upon an individual not authorized to accept service on behalf of MyLocker. Island Jay's failure to provide proper notice of the pendency of this litigation violates the most rudimentary principles of due process of law, being notice and an opportunity to be heard and present objections. *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

Regardless of the sufficiency of service, MyLocker has additional meritorious defenses. MyLocker's records reveal that most, if not all, of the orders being placed for Island Jay's "trademarked" apparel originated from Island Jay itself. Island Jay, therefore, appears to be using this case in an effort to cause harm to MyLocker as a competitor and to recover statutory damages from it. If Island Jay had not placed the offending orders, there would not have been any infringing sales. Island Jay's actions

Bodman_18338608_2

not only amount to bad faith and to an abuse of the legal system, but they also have caused MyLocker to incur significant litigation costs in defending this action. MyLocker, therefore, respectfully submits that the default judgment must be set aside and, accordingly, that the Court also deny Island Jay's motion for contempt.

## IV.    CONCLUSION.

For the foregoing reasons, and in the interest of justice and equity, MyLocker respectfully requests that the default judgment entered on June 17, 2020 be set aside and that the Court deny Island Jay's motion for contempt. *See United Coin Meter Co.*, 705 F.2d at 844–45.

Respectfully submitted,

BODMAN PLC

By: /s/J. Adam Behrendt
Jane Derse Quasarano (P45514)
J. Adam Behrendt (P58607)
Melissa Benton Moore (P73018)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
jquasarano@bodmanlaw.com
abehrendt@bodmanlaw.com
mmoore@bodmanlaw.com

Dated: February 4, 2022                    *Attorneys for MyLocker.com, LLC*

Bodman_18338608_2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 4, 2022 I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ J. Adam Behrendt

Bodman_18338608_2

Tab 1

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ISLAND JAY, INC., a Florida
corporation,

Case Number: 19-11501

Honorable Mark A. Goldsmith

     Plaintiff,

vs.

MYLOCKER.COM, LLC, a Michigan
limited liability company,

     Defendant.

---

## <u>DECLARATION OF ROBERT HAKE</u>

Robert Hake, being duly sworn, deposes and, under penalty of perjury, declares that:

1.    I am the member-manager of MyLocker.com, LLC ("MyLocker") and, for all relevant times, its resident agent in Michigan. I make this affidavit in support of MyLocker's Motion to Set Aside Default Judgment and Response Opposing Motion for Contempt.  I have reviewed files and records maintained by MyLocker and had discussions with other employees at MyLocker with respect to the items contained in this declaration.

2.    MyLocker designs and manufactures customized sportswear and other clothing items. It is located in Detroit.

3.    Among other services and as relevant to this case, MyLocker.com, LLC provides "business-to-business" (often referred to as "b2b") services to non-

affiliated, third-party companies to manufacture and fulfill products sold on their websites.

4.    As a part of its services, MyLocker requires these third parties to verify that they own, or are otherwise permitted, to use any intellectual property that is contained on products through stores for which MyLocker provides fulfillment services. In the event that MyLocker is alerted of possible infringement, MyLocker take appropriate action.

5.    Plaintiff in this case incorrectly alleges that MyLocker is infringing on Island Jay's trademarks by selling merchandise with Island Jay's logos.

6.    Once MyLocker was alerted to Island Jay's specific claim of infringement, MyLocker promptly contacted offending third-party website and added the identified logo to MyLocker's anti-infringement software system.

7.    Through these measures MyLocker was able to block nearly all of the sales from the third-party websites that plaintiff identified to MyLocker.

8.    However, plaintiff seems to have found additional third-party websites that purportedly sold items containing Island Jay logos. Rather, than contact MyLocker so that it could take action, plaintiff appears to have purchased infringing items from those third parties. Concurrently, plaintiff appears to have attempted multiple times to upload its logos directly to MyLocker's website or to write the words "Island Jay" onto customizable garments.

DocuSign Envelope ID: 095D1BCD-B831-4835-A814-675563109018

9.      Mr. Novello was not (and is not) an officer of MyLocker, a manager or general agent of MyLocker, or any other agent authorized by appointment or by law to receive service of process on behalf of MyLocker in this case, and, tellingly, he never filed a notice of appearance in this case.

10.     Based on my review of MyLocker's files and records, neither Mr. Novello nor anyone else ever forwarded the Complaint, the Default Judgment or the Opinion and Order to me.  As a result, MyLocker did not retain litigation counsel, file an answer, or otherwise respond to the litigation.

Further affiant says not.

DocuSigned by:

*Robert Hake*

6100D4D5F0E2405...

Robert Hake