# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VECTOR MEDIA GROUP, INC.,

        Petitioner,

    - against-

MYLOCKER.COM, LLC, d/b/a
MYLOCKER.NET, and ALL AMERICAN
MANUFACTURING AND SUPPLY,

        Respondents.
------------------------------------------------------------------X

Case No. 20-cv-5642-JSR

## DECLARATION OF MATTHEW NOVELLO

Matthew Novello declares as follows:

    1.    I am attorney in good standing authorized to practice law in Michigan and the U.S. District Court for the Eastern District of Michigan.

    2.    I am and was at all times relevant to this action, corporate counsel for Respondents MyLocker.com, LLC ("MyLocker") and All Americanlook, Inc. ("All American") (wrongfully identified in the Petition as All American Manufacturing And Supply). I maintain my primary office at MyLocker's headquarters at 1300 Rosa Parks Blvd, Detroit, Michigan 48216, but also practice law for some client out of my home. For my work associated with MyLocker and All American, I rely upon my work e-mail address at matt@mylocker.net or my alternative e-mail address at mnovello@novellolawfirm.com and use either my business address at MyLocker or my home address of 3542 Lakeview Drive, Highland, Michigan 48356 for business mailings.

    3.    MyLocker and All American and Petitioner Vector Media Group, Inc. began various business deals in 2010. Eventually, their relationship came to an end. MyLocker and All

American had determined that Vector was not performing up to its end of the bargain and believed that Vector was falsifying records.

4. On November 27, 2018 Vector Media Group, Inc. demanded arbitration against MyLocker and All American in JAMS in accordance with the parties' written agreements requiring that disputes be submitted to binding arbitration.

5. I appeared as counsel for both MyLocker and All American and submitted an answer to Vector's claims and a counterclaim on behalf of my clients. I consented to receive e-mails as a part of those proceedings.

6. I was served with the initial pleadings by e-mail. In November 2019, I participated in a conference in which the parties and the arbitrator discussed making significant adjustments to the initial arbitration schedule, in order to allow more time for discovery.

7. I did not receive any scheduling order following the November 2019 conference, and from that point forward I did not receive service or notice of any further filings. To that end, I did not receive by e-mail, first class mail, or any notice otherwise (including by phone) including contact from JAMS or counsel for Vector regarding the scheduling of the arbitration, the date for the hearing, or Vector's application for a default judgment.

8. I have looked in the inboxes of the e-mail addresses identified above, as well as my deleted folders, spam, and junk folders. I can find no e-mails from JAMS or counsel for Vector as identified above.

9. I do note that my mnovello@novellolawfirm.com was hacked in 2019 and I do not know whether I lost e-mails as a result.

10. I have also made a personal investigation of my home office and my office at MyLocker, including the locations where I receive mail, and was unable to find any unanswered mail relating to the arbitration proceeding.

11. On July 17, 2020, I requested via email that JAMS send me copies of the materials purportedly sent to me in the course of the arbitration. A true and correct copy of my July 17, 2020 email is attached hereto as **Exhibit A**. I received no response from JAMS to my email request.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 28, 2020.

_____
Matthew D. Novello

3