## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ISLAND JAY, INC., a Florida
corporation,

      Plaintiff,

vs.

                                           Case Number: 19-cv-11501
                                           Honorable Mark A. Goldsmith

MYLOCKER.COM, LLC, a Michigan
limited liability company,

      Defendant.

---

## REPLY IN SUPPORT OF DEFENDANT MYLOCKER.COM, LLC'S MOTION TO SET ASIDE DEFAULT JUDGMENT

Plaintiff Island Jay, Inc. fails to cite any authority in support of its claim that Matthew Novello had actual authority to accept service on behalf of MyLocker. While it is undisputed that Mr. Novello is a licensed Michigan attorney and a former employee of MyLocker, Mr. Novello was not an agent authorized by appointment or by law to accept service on MyLocker's behalf.

A purported agent has actual authority if "the principal actually intended the agent to possess the authority to enter into the transaction on behalf of the principal." *Chiamp v. Hertz Corp.*, 210 Mich. App. 243, 246 (1995). Island Jay's logic that Mr. Novello "had express authority to waiver service of process and exhibited as much by signing and returning a Waiver of Service acknowledgment form to Island Jay's counsel . . ." is circular logic. ECF No. 36, PageID.332. The fact that Mr. Novello

1

signed an acknowledgment or waiver of service does not constitute evidence that MyLocker had authorized him to take that action or was aware that he had done so.

It bears repeating that Fed. R. Civ. P. 4(h) provides, in relevant part, that service may be effectuated on a defendant corporation or unincorporated association "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process …" or in the manner prescribed by Rule 4(e)(1) for serving an individual. Fed. R. Civ. P. 4(h)(1) (which, as relevant here looks to M.C.R. 2.105(D)(1)). The fact that Island Jay could only serve MyLocker by delivering a copy of the summons and complaint upon an "agent authorized by appointment or by law to receive service or process . . ." necessarily means that only someone authorized by appointment or by law to accept service could waive that service requirement under Fed. R. Civ. P. 4(d)(1). Mr. Novello was neither.

Mr. Novello was not "authorized by appointment" to accept or waive service. MyLocker is a Michigan limited liability company organized under the Michigan limited liability act of 1993, MCL 450.4101, *et seq*. "The resident agent appointed by a limited liability company is an agent of the company upon whom any process, notice, or demand required or permitted by law to be served upon the company may be served." MCL 450.4207. MyLocker's registered agent is Robert Hake and not Mr. Novello.

2

Even though he was an attorney working for MyLocker, Mr. Novello was not a member, officer or "managing" agent of the company. Whether a limited liability company is member-managed or manager-managed, only such a manager is an agent of the company for purposes of its business, subject to two exceptions:

> A manager is an agent of the limited liability company for the purpose of its business, and the act of a manager, including the execution in the limited liability company name of any instrument, that apparently carries on in the usual way the business of the limited liability company of which the manager is a manager binds the limited liability company, unless both of the following apply:
>
> (a) The manager does not have the authority to act for the limited liability company in that particular matter.
>
> (b) The person with whom the manager is dealing has actual knowledge that the manager lacks authority to act or the articles of organization or this act establishes that the manager lacks authority to act.

Mr. Novello has never been a member of MyLocker, and, therefore, if MyLocker were member-managed, Mr. Novello had no authority to act as a manager. MCL 450.4401. However, according to its publicly filed articles of organization, MyLocker is a manager-managed limited liability company.[1] Mr. Novello also was never appointed as a manager of MyLocker with actual authority to bind the company. ECF No. 33, PageID.290, Declaration of Robert Hake. Thus, there can be

---

[1] Michigan law is clear that a limited liability company's articles of organization constitute adequate notice that only the manager has actual authority. MCL 450.4402(4).

4856-8977-9472.v2

no dispute that Mr. Novello was never authorized "by appointment" or "by law" to receive or waive service of process.

The fact that Mr. Novello never appeared in this case also makes it clear that he was not authorized "by law" to receive service of process of papers or pleadings as contemplated under Fed. R. Civ. P. 5. That could only have occurred in accordance with L.R. 83.25 , which states that "[a]n attorney must appear before representing a person or a party, except for practices permitted under L.R. 83.20(i)(1)(D). An attorney appears and becomes an attorney of record by filing a pleading or other paper or a notice of appearance." Mr. Novello did not do so.

Here, MyLocker has submitted sworn testimony that it was unaware of the lawsuit and that it did not authorize Mr. Novello to accept or waive service on its behalf. The fact that Mr. Novello may have appeared in an arbitration proceeding for MyLocker in another matter does not change the scope of the actual authority MyLocker gave to him as to this case or otherwise. As explained in *Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924 (E.D. Tenn. 2002):

> The mere fact that a person acts as the defendant's agent for some purposes does not necessarily mean the person is authorized to receive service of process on the defendant's behalf. The federal courts examine the circumstances of the agency relationship. Although authority to receive service of process need not be explicit, it must be either express or implied from the type of relationship which has been established between the defendant and the alleged agent. The bare fact that an alleged agent actually accepts process for the defendant is not enough to constitute valid

4856-8977-9472.v2

> service of process. There must be evidence that the defendant intended to confer upon its agent the specific authority to receive and accept service of process for the defendant. The defendant's attorney is not deemed an agent appointed to receive service of process absent a factual basis for believing that such an appointment by the defendant has occurred. *Id*. at 929.

Island Jay has offered no evidence to show that Mr. Novello had authority to accept service of process.

Further, Island Jay has not offered any evidence that it followed the process for requesting a waiver as required under Fed. R. Civ. P. 4(d)(1). It says:

> The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:
>
> (A) be in writing and be addressed:
>
> (i) to the individual defendant; or
>
> (ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;
>
> (B) name the court where the complaint was filed;
>
> (C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;
>
> (D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;
>
> (E) state the date when the request is sent;

4856-8977-9472.v2

> (F) give the defendant a reasonable time of at least 30 days after the request was sent—or at least 60 days if sent to the defendant outside any judicial district of the United States—to return the waiver; and

> (G) be sent by first-class mail or other reliable means.

Island Jay does not contend that it complied with the "notice and request" requirement of the rule. Instead, it relies upon the affidavit of its former attorney, Anthony DeLuca, who does not say that he provided the written notice that Fed. R. Civ. P. 4(d)(1) says the plaintiff "must" supply before seeking a waiver. ECF No. 36-3, PageID.352, ¶¶ 4-5. Yet, and even if he did, Mr. Novello would have had to have entered a written appearance in this matter in accordance with L.R. 83.25 before he could have signed it because he was not otherwise authorized under the Federal Rules of Civil Procedure to accept or waive service.

All that Island Jay relies upon is Mr. Novello's implied authority based upon inadmissible hearsay statements of what they contend Mr. Novello told them. However, the fact that Mr. Novello may have had these communications with Island Jay both before and after the lawsuit was filed does not mean that he was authorized to accept service or that Mr. Hake—as the only one authorized by appointment to accept service on behalf of MyLocker—was aware of the lawsuit. As argued at length in MyLocker's motion, courts recognize that attorneys have no implied authority enabling them to accept or waive the initial service of process on behalf of a client. *Schultz v. Schultz*, 436 F.2d 635 (7th Cir. 1971).

6

Island Jay's attempt to smear MyLocker's business practices does not change the fact that it was not properly served in this matter and, accordingly, has a meritorious defense to this action and to Island Jay's motion for contempt. MyLocker is a reputable business headquartered in Corktown that employs hundreds of people and has drawn praise from the Mayor of Detroit.[2] It is not a business that "receives, prints, and ships [] counterfeit products to the ultimate customer." ECF No. 36, PageID.324. That is not to say that MyLocker is not committed to addressing (and has attempted to address) Island Jay's concerns. MyLocker, therefore, believes that the judgment should be set aside and the parties should be afforded an opportunity to mediate to try and resolve their dispute and, if not, let this case proceed on its merit.

WHEREFORE, MyLocker respectfully requests that the default judgment entered on June 17, 2020 be set aside and the motion for contempt be denied.

Respectfully submitted,

BODMAN PLC

By: /s/ J. Adam Behrendt (P58607)
201 W. Big Beaver, Suite 500
Troy, MI 48084
(248) 743-6000
abehrendt@bodmanlaw.com
*Attorneys for MyLocker.com, LLC*

February 24, 2022

---

[2]  https://www.freep.com/story/news/local/michigan/wayne/2019/11/18/mylocker-detroit-jobs/4230121002/.

4856-8977-9472.v2

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2022 I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ J. Adam Behrendt

4856-8977-9472.v2