**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ISLAND JAY, INC., a Florida
corporation,

      Plaintiff,

vs.

MYLOCKER.COM, LLC, a Michigan
limited liability company,

      Defendant.

Case Number: 19-cv-11501
Honorable Mark A. Goldsmith

---

**DEFENDANT MYLOCKER.COM, LLC'S**
**<u>RENEWED MOTION TO SET ASIDE DEFAULT JUDGMENT</u>**

4881-2478-1862.v5

Defendant MyLocker.com, LLC ("MyLocker"), through its undersigned counsel, hereby renews its motion under Fed. R. Civ. P. 55(c) and 60(b) to set aside the order granting default judgment and the default judgment entered against it on June 17, 2020.

MyLocker bases this renewed motion on information it learned in discovery. Plaintiff Island Jay, Inc. ("Island Jay") previously obtained the default judgment using broad statements of "service" on MyLocker that misconstrue the facts. Discovery has shown that Island Jay's counsel never sent the "notice and request for waiver of service" form to MyLocker when it sent documents to Matthew Novello. Rule 4 requires the plaintiff to "inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service." Rule 4(d)(1)(c). In addition to the failure to comply with Rule 4, Island Jay did not send the summons to MyLocker. Finally, even the complaint that was emailed to Mr. Novello was not complete (several exhibits were only available through a Google Drive link). Thus, Island Jay's statement (when it requested entry of a default) that "the summons and complaint were served upon Defendant" was not correct. Because the complaint was never properly served, the default judgment should be set aside.

Additionally, after failing to properly serve the complaint, Island Jay continued to muddy the waters in various other pleadings by inaccurately stating that it "served" other documents on MyLocker. The documents were not "served" on

MyLocker as required by the Federal Rules of Civil Procedure. Indeed, Island Jay continued to misstate "service" in communications with the Court through the January 13, 2022 hearing on the motion for contempt. At that hearing, the first question the Court asked was whether the motion for contempt had been served on Mr. Hake, the CEO of MyLocker. *See* Transcript, Tab 1, p. 3. Island Jay responded: "Yes, your Honor. He's also the registered agent of the company, so Mr. Hake received everything." *Id.* But Island Jay had not been serving documents on MyLocker or its resident agent. Instead, it had emailed documents only to Matthew Novello (who was not registered as counsel of record in the efiling system). In fact, the documents produced in discovery by Island Jay do not include a record of *any* service or attempted service of the motion to compel on Mr. Hake prior to January, 2022 (which was done at that time after specific instruction by the Court).

Island Jay further inaccurately claimed in the text of its motion for contempt that it had served the injunctive relief order on MyLocker. To the contrary, the correspondence produced by Island Jay only reveals that a copy of the monetary default judgment purportedly was mailed to MyLocker (although MyLocker never received it) and not the injunctive order. [1]

---

[1] MyLocker did not actually receive the correspondence which purportedly sent the monetary judgment. There is no signed certified mail document that contains Robert Hake's name or MyLocker's address prior to January, 2022. *See e.g.* Tab 4 (correspondence produced by Island Jay forwarding the monetary judgment but not including the injunctive relief order).

4881-2478-1862.v5

Thus, the discovery produced to date has established that Island Jay has not served MyLocker within the meaning of the Federal Rules of Civil Procedure and that MyLocker incorrectly stated to the Court that service was made. MyLocker, therefore, respectfully requests that the Court grant MyLocker's renewed Motion to Set Aside Default Judgment.

MyLocker also believes that setting aside the default judgment will enable the parties to resolve this dispute.

Pursuant to L.R. 7.1(a), MyLocker sought Island Jay's concurrence in the relief requested. The parties engaged in two discussions and MyLocker forwarded case law to Island Jay, but concurrence was denied.[2]

---

[2] Pursuant to L.R. 5.1(a), the undersigned certifies that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). The undersigned also certifies that it is the appropriate length.

4881-2478-1862.v5

Respectfully submitted,

BODMAN PLC

By: /s/ J. Adam Behrendt
J. Adam Behrendt (P58607)
Jane Derse Quasarano (P45514)
Melissa Benton Moore (P73018)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
jquasarano@bodmanlaw.com
abehrendt@bodmanlaw.com
mmoore@bodmanlaw.com
*Attorneys for MyLocker.com, LLC*

July 5, 2022

2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ISLAND JAY, INC., a Florida
corporation,

   Plaintiff,

vs.

              Case Number: 19-cv-11501
              Honorable Mark A. Goldsmith

MYLOCKER.COM, LLC, a Michigan
limited liability company,

   Defendant.

---

# BRIEF IN SUPPORT OF
# DEFENDANT MYLOCKER.COM, LLC'S
# <u>RENEWED MOTION TO SET ASIDE DEFAULT JUDGMENT</u>

# TABLE OF CONTENTS

TABLE OF CONTENTS ......................................................... ii

TABLE OF AUTHORITIES ................................................... iii

STATEMENT OF ISSUES PRESENTED ................................... iv

MOST CONTROLLING AUTHORITY ....................................... vi

I.      INTRODUCTION ....................................................... 1

II.     FACTUAL BACKGROUND REGARDING ISLAND JAY'S
        INCORRECT STATEMENTS REGARDING SERVICE. ................... 5

        A.    Misstatements Regarding "Service" of The Complaint and
              Summons To Obtain Default ........................................ 5

        B.    Misstatements Regarding "Service" of the July 27, 2021 Motion
              for Contempt. ...................................................... 6

        C.    Misstatements Regarding "Service" at the January 13, 2022
              Hearing on the Motion for Contempt. ................................ 8

        D.    Misstatements After The January 13, 2022 Hearing on the Motion
              for Contempt. ...................................................... 9

III.    ARGUMENT ........................................................... 10

        A.    Standard of review. ............................................... 10

        B.    Island Jay's failure to comply with Rule 4 is fatal and the Court
              should set aside the default and the default judgment ............... 12

IV.     CONCLUSION ......................................................... 15

4881-2478-1862.v5

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Baumer v. Bandyk,*
    2006 U.S. Dist. Lexis 107778 (E.D. Mich. 2006) ................................. 1, 12, 13

*Davis v. Bank of N.Y.,*
    No. 06-12534, 2008 U.S. Dist. LEXIS 23603 (E.D. Mich. Mar. 18, 2008) ....... 12

*Kuhnmuench v. Livanova PLC,*
    323 F.R.D. 563 (E.D. Mich. 2017) ............................................................ 12

*Malloy,* 2017 U.S. Dist. LEXIS 139551, at *7 ................................................. 15

*United Coin Meter Co. v. Seaboard C. R.R.,*
    705 F.2d 839 (6th Cir. 1983) .................................................... 11, 12, 14, 15

*United States v. Ziegler Bolt & Parts Co.,*
    111 F.3d 878. (Fed. Cir. 1997) ................................................................ 1, 14

**Rules**

Fed. R. Civ. P. 4(d)(1)(c) ............................................................................ 2, 12

Fed. R. Civ. P. 55(c) .................................................................................... 10

Fed. R. Civ. P. 60(b) .................................................................................... 11

Fed. R. Civ. P. 60(b)(4) ............................................................................... 14

Fed. R. Civ. P. Rule 4(d) .............................................................................. 12

4881-2478-1862.v5

## **STATEMENT OF ISSUES PRESENTED**

I.     Should the Court set aside the June 17, 2020 order granting default judgment and default judgment when plaintiff did not "serve" the complaint under Rule 4(d) because plaintiff did not "inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service" as required by the Rule?

Defendant's answer:      Yes

II.     Should the Court set aside the June 17, 2020 order granting default judgment and the order granting injunctive relief when plaintiff stated in its request for default that it had "served" a copy of the summons on MyLocker, but the documents produced in discovery do not reflect that the summons was served?

Defendant's answer:      Yes

III.     Should the Court set aside the June 17, 2020 order granting default judgment and default judgment when plaintiff repeatedly stated that it had "served" defendant in statements to the Court, but, in fact, it did not "serve" documents as required by the Federal Rules of Civil Procedure until January, 2022?

Defendant's answer:      Yes

iv

IV.    Should the Court set aside the June 17, 2020 order granting default judgment and order granting injunctive relief where plaintiff responded to the Court's inquiry regarding service by stating that Robert Hake, CEO and registered agent of MyLocker, had "received everything" prior to January, 2022, but plaintiff has not produced any documents evidencing such service?

Defendant's answer:    Yes

4881-2478-1862.v5

# <u>MOST CONTROLLING AUTHORITY</u>

**Cases**

*Baumer v. Bandyk,* 2006 U.S. Dist. Lexis 107778 (E.D. Mich. 2006)

**Rules**

Fed. R. Civ. P. 4

Fed. R. Civ. P. 60(b)

4881-2478-1862.v5

## I.   INTRODUCTION.

> However, Thomas Bandyk generally being represented by
> Mr. Farnell is not sufficient for Mr. Farnell to accept service
> of process. *United States v. Ziegler Bolt & Parts Co.,* 111
> F.3d 878, 881 (Fed. Cir. 1997). Moreover, the evidence
> Plaintiffs have offered in support of Mr. Farnell being
> authorized to accept service is not sufficient to overcome an
> explicit requirement of the Federal Rules of Civil Procedure.
> This is particularly true in consideration of the requirement
> that doubts be resolved in favor of the defaulting
> party. *See United Coin*, 705 F.2d at 845; FEDERAL
> PRACTICE AND PROCEDURE § 2681.

*Baumer v. Bandyk,* 2006 U.S. Dist. Lexis 107778 at *3 (Tab 6).

Defendant MyLocker.com, LLC ("MyLocker") renews its Motion to set aside the default and default judgment in this case because discovery has revealed that plaintiff Island Jay, Inc. ("Island Jay") did not comply with an explicit requirement in Fed. R. Civ. P. 4 (which is the Rule that Island Jay relies on for its default) and also misstated how documents were served and who was served in various motions and at a hearing.

The Court previously entered a default judgment in the amount $161,546.32 against MyLocker and in favor of Island Jay, Inc. The Court also separately entered an order granting injunctive relief against MyLocker. In January, 2022, MyLocker filed a motion to set aside the default judgment, Island Jay responded to the motion, and MyLocker filed a reply. At a status conference, this Court ordered the parties to conduct discovery on these issues on an expedited basis. Discovery has concluded. That discovery has revealed that, despite representations to the Court, Island Jay

1

never "served" anything on MyLocker within the meaning of the Federal Rules of Civil Procedure.

Rule 4 specifically requires the plaintiff to "inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service." Rule 4(d)(1)(c). Island Jay did not include the proper notice and request to MyLocker or to anyone allegedly representing MyLocker. Instead, Island Jay simply sent a conclusory (and incorrectly filled out) waiver of service document by email to Mr. Novello. There also has been no evidence that Island Jay provided MyLocker or Mr. Novello with the summons. In addition, the copy of the complaint that Island Jay emailed to Mr. Novello also was incomplete (several exhibits were only available through a Google Drive link). Thus, Island Jay's allegation that it served MyLocker through waiver of service under Rule 4(d) is not accurate.

Additionally, Island Jay has muddied the waters in various other pleadings by stating that it "served" MyLocker with other documents and responding to an inquiry from the Court by incorrectly stating that "Mr. Hake received everything." That incorrect statement was made on the record at the January 13, 2022 hearing on the motion to contempt. At that hearing, the first question the Court asked was whether the motion was served on Mr. Hake, the CEO and registered agent of MyLocker. *See* Transcript, Tab 1, p. 3. Island Jay responded: "Yes, your Honor. He's also the registered agent of the company, so Mr. Hake received everything." *Id.* However,

4881-2478-1862.v5

the documents produced by Island Jay do not include a record of any service or attempted service of the complaint, the motion for default, or the motion to compel on Mr. Hake prior to January 20, 2022 (which was a week after the hearing date).

In fact, Island Jay appears to have studiously avoided providing actual notice to MyLocker. Island Jay's counsel was aware that Mr. Novello was not responding and has submitted an affidavit that Mr. Novello told Island Jay's counsel that he [Novello] had made a mistake and missed the filing deadline to answer the complaint. Island Jay admits that Novello asked Island Jay to set aside the default.[3] In response, Island Jay asked for payment of attorney fees and, after providing that amount to Novello, Island Jay never heard from Novello again. *Id.*

Yet, Island Jay's counsel did not inform the Court about this curious exchange, and Island Jay did not correct service by then properly serving MyLocker's registered agent. Instead, after that conversation with Mr. Novello, Island Jay made a statement to the Court that "Island Jay discussed resolution of this matter with MyLocker's counsel, with overtures again falling on deaf ears, followed by termination of communication." ECF 12 at p. 6, PageID.136. This statement by Island Jay implies settlement discussions with a back and forth interaction between counsel, instead of Island Jay's demand for attorney fees to set aside the default to an attorney – not of record – who claimed an error. Island Jay did not forthrightly

---

[3] ECF 36 at PageID.353-53.

explain these circumstances to the Court when asking for entry of the default judgment. Island Jay instead relied on its faulty service to bolster its shaky default. When the Court insisted that Island Jay properly serve the motion for contempt by certified mail to Robert Hake in January, 2022, MyLocker responded within days and counsel for MyLocker promptly appeared in this action.

As further described below, Island Jay's failure to comply with the Federal Rules of Civil Procedure is fatal as a matter of law. The defects in service are not technical. The purpose of the notice requirement in the Rules (through a summons or through a request for waiver) is to ensure that a party has notice prior to entry of a default and an opportunity to defend itself. Island Jay did not afford MyLocker such an opportunity. Because Island Jay improperly served documents (its complaint, summons, motion for entry of default judgment, and motion for contempt), the default judgment and the injunctive relief order should be set aside on that basis alone. In addition, the Court should set aside the default judgment because (1) MyLocker's default was not willful when it was not properly served and was unaware of this case; (2) Island Jay will not be prejudiced when it improperly served MyLocker and when it already has waited nearly one year after entry of the default judgment to enforce its judgment; and (3) MyLocker has a meritorious defense to Island Jay's infringement claims.

4881-2478-1862.v5

For these reasons, and the reasons stated in more detail below, MyLocker respectfully requests that the Court grant MyLocker's motion to set aside entry of the default judgment and the order granting the motion for default judgment.

## II. FACTUAL BACKGROUND REGARDING ISLAND JAY'S INCORRECT STATEMENTS REGARDING SERVICE.

MyLocker previously provided a thorough recitation of the facts regarding the underlying litigation in its first motion to set aside default judgment. MyLocker references and incorporates the facts and arguments from its first motion into this motion. However, MyLocker identifies below the facts that it has learned through discovery regarding Island Jay's misstatements to the Court regarding "service" of the complaint and other documents in this case.

### A. Misstatements Regarding "Service" of The Complaint and Summons To Obtain Default.

When Island Jay asked the Clerk of the Court to enter a notice of default against MyLocker, Island Jay stated "the summons and complaint were served upon Defendant, through its attorney, Matt Novello, on May 28, 2019." Request for Entry of Default, ECF 08, PageID.67. The documents produced by Island Jay in discovery do not support this statement.

The documents were not "served" within the meaning of the Federal Rules on Civil Procedure on May 28, 2019. Instead, they were emailed and, even then, they

5

were not emailed directly to MyLocker, but only to Matt Novello. Mr. Novello never filed an appearance in the ECF filing system or otherwise appeared in this action.

In addition to the fact that there was no "service" as provided by the Federal Rules, there also was no waiver of service. The documents produced by Matt DeLuca in response to a subpoena establish that, on May 28, 2019, Mr. DeLuca's email did not include a copy of a summons or the notice and waiver form required by Fed. R. Civ. P. 4. *See* Deluca/Novello May 28 email, Tab 2. Thus, Island Jay's statement to the Court that the "summons and complaint were served upon Defendant, through its attorney, Matt Novello, on May 28, 2019" was not accurate.

## B. Misstatements Regarding "Service" of the July 27, 2021 Motion for Contempt.

On July 27, 2021, Island Jay filed a Motion for Order Holding Defendant In Contempt For Failure to Comply With Default Judgment Order (ECF 24). In that motion, Island Jay told the Court that a certificate of service representing "service" of the motion for contempt on MyLocker was entered by the Court on October 1, 2019. *See* ECF 24, p. 11, PageID.221; *see also* ECF 11. However, this statement is also incorrect as there was never "service" of the motion within the meaning of the Federal Rules of Civil Procedure.

In its certificate of service, Island Jay merely noted that notice was sent to all participants through the ECF system. ECF 11, PageID.129. There was no participant for MyLocker in the ECF system because neither Matt Novello nor any other

6

attorney had appeared for MyLocker in this action at that time. Instead, documents produced by Island Jay show that it again only emailed the motion to Mr. Novello. However, as set forth above, Mr. Novello was not an attorney of record in this case, and there is no document wherein MyLocker purported to agree to service in this case by email. Thus, Island Jay has not produced any documents evidencing "service" (as defined by the Federal Rules of Civil Procedure) of the 2021 motion for contempt on MyLocker or Mr. Hake.

Nevertheless, in the text of the 2021 motion for contempt, Island Jay stated that "despite being served the Judgment by October 1, 2019, Mr. Hake has failed to respond to any part of the present case." *Id.* p. 19, PageID.229. Island Jay further stated, "Mr Hake…has not taken any steps toward completing the requirements this Court detailed in the Order."  These statements are also simply incorrect. First, the injunctive order was not entered until June 17, 2020. Thus, there is no way that it could have been "served" on Robert Hake on October 1, 2019. Second, the parties did not produce *any documents* that indicate that the injunctive order was sent to MyLocker (and not only Mr. Novello) until January 20, 2022 (when this Court instructed Mr. Shoreman to do so).

In that same motion for contempt, Island Jay also stated, "Defendant was served a copy of the Default Judgment Order but has failed to comply in any way and in fact has continued to infringe on Island Jay's trademarks." *Id.* at p. 2,

PageID.212.[4] This statement also is not accurate. In discovery, the parties produced a blank certified mail receipt from the U.S. Postal Service dated June 18, 2020. Tab 3. However, there is no address or name to indicate where the documents may have been sent. There also is no signature acknowledging receipt. Even more importantly, the parties produced a copy of the correspondence purportedly sent to MyLocker on June 18, 2020. The only document attached to that correspondence is a copy of a default judgment (which is solely a monetary judgment). *See* June 18, 2020 correspondence, Tab 4. There is no copy of the order containing the injunctive language attached to that correspondence. *Id.* Thus, there is no evidence that MyLocker received a copy of the order granting injunctive relief in June, 2020. MyLocker also notes that Robert Hake's previously-filed affidavit affirms that he did not receive the default judgment order until this Court directly ordered Island Jay to send a copy certified mail to Mr. Hake.  *See* ECF 33, p. 28, PageID.290.

### C. Misstatements Regarding "Service" at the January 13, 2022 Hearing on the Motion for Contempt.

Island Jay's failure to properly inform the Court regarding "service" on MyLocker continued through the January 13, 2022 hearing on the motion to compel.

---

[4] Island Jay renewed this argument in January, 2022 when it filed a Supplemental Brief re Motion for Contempt and again stated that Robert Hake received service of the Default Judgement Order. ECF 28, p. 1, PageID.248. As described below, the correspondence produced in discovery only indicates that the monetary judgment was included with the letter, not the injunctive relief order. *See* Tab 4.

4881-2478-1862.v5

At that hearing, the first question the Court asked was whether the contempt motion had been served on Mr. Hake, the CEO and registered agent, of MyLocker. *See* Transcript, Tab 1, p. 3. Island Jay responded: "Yes, your Honor. He's also the registered agent of the company, so Mr. Hake received everything." *Id.* Mr. Shoreman further stated that "he was publicly served just as through his address as the registered agent of the company. I don't think there was a separate personal service on the gentleman…I believe it was service by registered mail, your Honor." Tab 1, p. 4. Island Jay later filed a pleading claiming that the lawyer who allegedly sent the contempt motion to MyLocker and Mr. Hake was out of town. Island Jay stated that it would supplement the record further with proof of the original service of the Motion for Contempt. *See* ECF 28, p. 2, PageID.249. However, the documents produced by Island Jay do not include a record of any service or attempted service of the motion to compel on Mr. Hake prior to that hearing on January 13, 2022. Notably, the only registered mail receipt produced by Island Jay was dated June 18, 2020 (which was well prior to the date the Motion for Contempt was filed).

### D. Misstatements After The January 13, 2022 Hearing on the Motion for Contempt.

After the hearing on January 20, 2022, Island Jay filed a Supplemental Brief re Motion for Contempt. ECF 28. In that brief, Island Jay stated that "Mr. Hake received service of the Default Judgment Order and therefore has personal knowledge of its terms. *Id.* at p. 1, PageID.248. Island Jay further stated that Exhibit

4881-2478-1862.v5

A establishes "a copy of the Default Judgment was served at the address of MyLocker's registered agent." *Id.* at p. 2, PageID.249. In fact, the certified mail receipt attached as Exhibit A does not contain Robert Hake's name, MyLocker's name, or MyLocker's address. Additionally, the correspondence produced by Island Jay that is roughly contemporaneous establishes that Island Jay did not include a copy of the injunctive relief order with its mailing. Tab 4.

Now that discovery on these issues is complete, MyLocker renews its motion to set aside the default judgment and the order granting motion for default judgment so it may defend itself on the merits of this case. For the reasons further discussed below, the Court should grant MyLocker's motion.

## III.   ARGUMENT.

### A. Standard of review.

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause, and may set aside a default judgment under Rule 60(b)." Under Rule 60(b), a court may set aside "a final judgment, order, or proceeding" for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"In considering a motion to set aside entry of a judgment by default a district court must apply Rule 60 (b) *equitably and liberally* . . . to achieve substantial justice." *United Coin Meter Co. v. Seaboard C. R.R.*, 705 F.2d 839, 844–45 (6th Cir. 1983) (citations omitted) (emphasis added). This is because "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *Id.* at 845. Accordingly, "[t]rials on the merits are favored in federal courts and a 'glaring abuse' of discretion is not required for reversal of a court's refusal to relieve a party of the harsh sanction of default." *Id.* at 846 (citations omitted). The Sixth Circuit further has opined:

> Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits. . . . Since the interests of justice are best served by a trial on the merits, only after a careful study of all relevant considerations should courts refuse to open default judgments.

*Id.* (citations omitted).

Courts evaluate the same three factors under both Rules 55(c) and 60(b): "whether (1) the default was willful, (2) a set-aside would prejudice the plaintiff, and

(3) the alleged defense was meritorious." *Kuhnmuench v. Livanova PLC*, 323 F.R.D.

563, 565 (E.D. Mich. 2017) (quoting *United Coin Meter Co.*, 705 F.2d 839 at 844).

### B. Island Jay's failure to comply with Rule 4 is fatal and the Court should set aside the default and the default judgment.

Improper or insufficient service is grounds for setting aside a default

judgment. *Davis v. Bank of N.Y.*, No. 06-12534, 2008 U.S. Dist. LEXIS 23603, at

*3 (E.D. Mich. Mar. 18, 2008).

Here, Island Jay relies on waiver of service under Fed. R. Civ. P. 4(d) to

establish service of the complaint. Rule 4(d) specifically requires the plaintiff to

"inform the defendant, using the form appended to this Rule 4, of the consequences

of waiving and not waiving service." Rule 4(d)(1)(c). A copy of the required form

is attached as Tab 5. Island Jay, however, did not include the form notice and request

for waiver of service, as required by the Federal Rules of Civil Procedure, when it

sent documents to Matthew Novello. *See* Tab 2 (documents sent by Mr. DeLuca to

Mr. Novello). Island Jay also did not include the summons or a complete copy of the

exhibits to the complaint when it sent document to Mr. Novello. *Id.*

In the Eastern District of Michigan, failure to comply with the requirements

of Rule 4(d)(2) is fatal to a default judgment based on waiver of service. *See Baumer*

*v. Bandyk,* 2006 U.S. Dist. Lexis 107778 (E.D. Mich. 2006) (Tab 6). In *Baumer*, the

plaintiff sent a notice and request for waiver of service under Rule 4 to an attorney

(that had been identified by the defendant) and not to the defendant. In emails with

plaintiff's counsel, the attorney accepted service and ultimately signed a waiver of service. Nevertheless, the court held that service on the attorney was not proper service on the defendant because the notice and request for waiver had not been sent directly to the client:

> To read Rule 4(d)(2)(A) as permitting the notice and request to be sent to a person other than the defendant him or herself would be to read the word "directly" out of the rule. In order to comply with Rule 4(d)(2)(A), a plaintiff must address the notice and request to the defendant, not to any other person.

*Baumer v. Bandyk,* 2006 U.S. Dist. Lexis 107778 at *2 (Tab 6).

The *Baumer* court held that failure to strictly comply with Rule 4(d) required setting aside the default. *Id.* In the present case, Island Jay did not even send any notice and request for waiver as required by the Rule, and it certainly did not send any such notice and request for waiver directly to MyLocker. When Island Jay requested the Court to enter a default, Island Jay stated that "the summons and complaint were served upon Defendant, through its attorney, Matt Novello, on May 28, 2019." Request for Entry of Default, ECF 08, PageID.67. Island Jay, however, had not properly completed service or obtained a proper waiver and, therefore, it misrepresented to the Court that it had complied with service within the meaning of the Federal Rules of Civil Procedure.

The fact that Mr. Novello was an attorney does not change the conclusion. In fact, in *Baumer,* the Court addressed that specific issue. In *Baumer* the defendant

had directed the plaintiff to correspond with the attorney, and, yet, the court still found improper service:

> However, Thomas Bandyk generally being represented by Mr. Farnell is not sufficient for Mr. Farnell to accept service of process. ) *United States v. Ziegler Bolt & Parts Co.,* 111 F.3d 878, 881 (Fed. Cir. 1997) Moreover, the evidence Plaintiffs have offered in support of Mr. Farnell being authorized to accept service is not sufficient to overcome an explicit requirement of the Federal Rules of Civil Procedure. This is particularly true in consideration of [*7] the requirement that doubts be resolved in favor of the defaulting party. *See United Coin*, 705 F.2d at 845; FEDERAL PRACTICE AND PROCEDURE § 2681.

Tab 6 at *3.

After Island Jay's purported "service," Mr. Novello did not appear in the case or forward the complaint to MyLocker's resident agent or anyone else capable of retaining counsel and appearing in the case. As a result, MyLocker did not respond to the complaint because it was unaware of the case. Island Jay moved for entry of a default judgment and continued to rely solely on email notice to Mr. Novello for "service" of its papers, while using language to the Court that implied actual service.

Under these circumstances, service of the summons and complaint and service of the motion for entry of default judgment were not properly effectuated on MyLocker, amounting to excusable neglect under Rule 60(b)(1) and also rendering the default judgment void under Rule 60(b)(4). Because the default judgment is void,

14

the Court "must set aside Defendant's default judgment." *Malloy*, 2017 U.S. Dist. LEXIS 139551, at *7.

## IV.   CONCLUSION.

For the foregoing reasons, and in the interest of justice and equity, MyLocker respectfully requests that the Court set aside the default judgment entered on June 17, 2020. *See United Coin Meter Co.*, 705 F.2d at 844–45.

Respectfully submitted,

BODMAN PLC

By: /s/J. Adam Behrendt
Jane Derse Quasarano (P45514)
J. Adam Behrendt (P58607)
Melissa Benton Moore (P73018)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
jquasarano@bodmanlaw.com
abehrendt@bodmanlaw.com
mmoore@bodmanlaw.com
Dated: July 5, 2022                    *Attorneys for MyLocker.com, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2022 I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ J. Adam Behrendt

4881-2478-1862.v5